UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HEARTLAND TRADEMARKS, LTD.,

                Plaintiff,         Civil Action No.:
                                    5:22-cv-722 (TJM/ML)

     v.

FLAX HOME LTD.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FLAX HOME LTD.,

                Counterclaimant,

     v.

HEARTLAND TRADEMARKS, LTD.,

                Counter-Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

     **WHEREAS**, this action was commenced on July 7, 2022 by the filing of the Summons and Complaint;

     **WHEREAS**, in the Complaint, Plaintiff Heartland Trademarks, Ltd. ("**Plaintiff**") seeks injunctive relief and monetary damages against defendant Flax Home Ltd ("**Defendant**") for infringement of Plaintiff's federally-registered trademark FLAX under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the laws of the State of New York.

**WHEREAS**, Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

**NOW THEREFORE**, upon consent of the parties hereto, it is **HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 1,992,575 on the Principal Register in the United States Patent and Trademark Office for FLAX for goods, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

4. Plaintiff, and its predecessor in interest, have used the term FLAX in commerce continuously since 1993 in connection with the offering for sale, sale, marketing, advertising, and promotion of goods, including dresses, skirts, pants, jackets, shirts, coats, shoes, robes, towels, shopping bags, table runners, napkins, placemats, and aprons (hereinafter "FLAX Mark").

5. As a result of its widespread, continuous, and exclusive use of the FLAX Mark to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the FLAX Mark.

6. Plaintiff's FLAX Mark is distinctive to both the consuming public and Plaintiff's trade.

7. As a result of Plaintiff's expenditures and efforts, the FLAX Mark has come to signify the high quality of the goods designated by the FLAX Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

8. Beginning after Plaintiff acquired protectable exclusive rights in its FLAX Mark, Defendant adopted and began using the mark FLAX HOME in US commerce.

9. Defendant's acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's goods and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

10. The foregoing conduct by Defendant constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) and violation of New York State common law. The Court hereby enters judgment against Defendant on these claims.

11. Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

12. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

13. Effective June 1, 2023, Defendant, together with all of Defendant's officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant are permanently enjoined and restrained from directly or indirectly:

  (a) selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise, or promote any goods or services bearing the mark FLAX HOME, any trademark or service mark including the word FLAX or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's FLAX mark;

  (b) registering or applying to register with any trademark office or domain name registrar any trademark, service mark, domain name, or other source identifier or symbol of origin consisting of or incorporating the mark or word FLAX; or any other mark that infringes or is likely to be confused with Plaintiff's FLAX mark; and

  (c) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 13(a) and paragraph 13(b).

 14. For purposes of clarity, Defendant may use the term "flax" to describe or identify the ingredients or composition of its goods and/or otherwise in a manner protected under the principles of fair use or the First Amendment of the U.S. Constitution.

 15. Defendant will cease use of the website located at www.shopflaxhome.com by June 1, 2023, but may continue to use the domain name, <shopflaxhome.com>, through September 1, 2023, to automatically redirect users to the new website. Defendant may continue to receive email correspondence directed to email addresses at <shopflaxhome.com> through September 1, 2023, but will cease the use of <shopflaxhome.com> entirely thereafter.

 16. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, and acquiring companies.

 17. If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be

entitled to all available relief which the Court deems proper in the event of such violation, including damages or injunctive relief.

18. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

19. The permanent injunction shall remain in full force and effect unless and until modified by order of this court.

**SO ORDERED.**

Dated: __August 31__, 2023

HON. THOMAS J. McAVOY
UNITED STATES DISTRICT JUDGE

**CONSENTED TO:**

Dated: August 18, 2023
Syracuse, New York

HEARTLAND TRADEMARKS, LTD.

Philip P.W. Chang
President

Dated: August 23, 2023
Vancouver, British Columbia

FLAX HOME LTD.

Vivian McCormick
CEO

5

**AGREED AS TO FORM AND CONTENT:**

Dated: August 29, 2023            **HARRIS BEACH PLLC**

By: *s/Neal L. Slifkin*
Neal L. Slifkin, Esq.
NDNY Bar No.: 507799
Laura W. Smalley, Esq.
NDNY Bar No.: 514528
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8636
nslifkin@harrisbeach.com
lsmalley@harrisbeach.com

*Attorneys for Plaintiff and Counter-Defendant*

Dated: August 29, 2023            **PATTISHALL, McAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP**

By: *s/Seth I. Appel*
Seth I. Appel (*pro hac vice*)
200 S. Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: (312) 554-8000
sia@pattishall.com

**LIPPES MATHIAS LLP**
Scott E. Thompson, Esq.
54 State Street, Suite 1001
Albany, New York 12207
Telephone: (518) 462-0110
sthompson@lippes.com

*Attorneys for Defendant and Counterclaimant*